People v Smith
2026 NY Slip Op 03543
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLINT M. SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
274 KA 24-01065
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Oswego County Court (Melinda H. McGunnigle, A.J.), rendered May 30, 2023. The judgment convicted defendant upon his plea of guilty of attempted rape in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from separate judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, attempted rape in the first degree (Penal Law §§ 110.00, former 130.35 [3]) and attempted criminal sexual act in the first degree (§§ 110.00, former 130.50 [4]). We affirm in both appeals.
Contrary to defendant's contention with respect to both appeals, the record establishes that his waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Weir, 243 AD3d 1329, 1329 [4th Dept 2025], lv denied 45 NY3d 948 [2026]; People v Coon, 242 AD3d 1569, 1569 [4th Dept 2025], lv denied 45 NY3d 944 [2026]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied 589 US 1302 [2020]). We note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see generally Thomas, 34 NY3d at 567; Weir, 243 AD3d at 1329; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). The valid waiver forecloses defendant's challenge in each appeal to the severity of the sentence (see People v Lopez, 6
NY3d 248, 255-256 [2006]; People v Malcolm, 231 AD3d 1503, 1504 [4th Dept 2024], lv denied 43 NY3d 931 [2025]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court